980 F.2d 744
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William K. WASHINGTON, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-3592.
 United States Court of Appeals, Federal Circuit.
 Oct. 16, 1992.
 
 Before NIES, Chief Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 NIES, Chief Judge.
 
 
 1
 William K. Washington petitions for review of the August 21, 1991, final decision of the Merit Systems Protection Board (the Board), No. PH07528910494, sustaining the Department of Veterans Affairs (the agency) action terminating him from his position as a food service worker, grade WG-02, at the VA Medical Center in Philadelphia, Pennsylvania. We remand for imposition of a lesser penalty.
 
 DISCUSSION
 
 2
 The primary issue raised in this appeal is mitigation of the penalty.
 
 
 3
 One of the duties of a food service worker in a VA medical center is to deliver food trays to patients. Washington has never disputed that on May 26, 1989, and again on June 6, 1989, he refused a direct order from his supervisor to deliver food trays to patients. The agency does not dispute that on both occasions Washington's stated reason for refusing to deliver the trays was that the food carts in which the food trays were placed were "filthy." However, relying on supervisors' testimony as to the conditions of the carts, the administrative judge (AJ) rejected Washington's arguments that the orders were in effect illegal because of the health hazard to the patients.
 
 
 4
 While we cannot overturn the finding that Washington's refusal was not justified on the ground of illegality of the order, that does not end the matter. The AJ went on to find that Washington's testimony that he refused to work because the carts were dirty was not credible. That finding, which is not supportable by the record, taints the penalty determination.
 
 
 5
 The testimony respecting the sanitary conditions is far from reassuring. The evidence is uncontroverted that food was not always covered on the trays when placed in the carts as required, and that many cart doors were missing. Washington testified that what triggered him on May 26 was cereal getting on his hand when he pulled the handle of the cart and gnats flying out of the cart when he opened the door. Washington's supervisor testified that he looked at the carts and "[t]he carts were not that dirty. What I mean by not that dirty, the carts were very old carts and they do have some old stains on them, but they are washed and cleaned after every meal." However, he also acknowledged that: (1) the hose in the wash room may have been split on the days in question, (2) there was no soap, and had not been for some time, although there may have been a bottle of disinfectant, (3) the carts were washed with cold water, and (4) as far as he knew, there was no rule or regulation for cleaning carts. Washington's co-workers testified that in the general time frame the carts contained roaches, fruit flies, and garbage, although some testified that the carts were "cleaned" after each meal. However, "cleaning" usually consisted of wiping them out, because there was not time to do more. One supervisor stands alone in stating that the hose in the washroom was never split, the water was hot, the carts were regularly scrubbed out, and there were prescribed procedures for cleaning. The AJ discredited the coworkers' testimony because they could not testify as to the condition of the carts precisely on May 26 and June 6. He then found Washington's testimony not credible that he refused to deliver the trays because the carts were dirty.
 
 
 6
 On the entirety of this record, we are unable to sustain the credibility finding that Washington's refusal to deliver the food trays as a protest to the poor condition of the carts was a mere pretext. He asked for different duties each time. When directed to wash the carts instead of delivering food, hardly a more desirable duty, he did so. Washington washed carts for several days, went on leave, and on his return was again ordered to deliver trays. He again refused because of the condition of the carts and began cleaning carts instead. Washington's reason for refusing to deliver the food trays, although laudable, does not change the fact of his insubordination. He should have obeyed orders and protested in another way. Nevertheless, his reason for refusing to deliver the food trays must be taken into consideration. As Washington's counsel points out, we are dealing with an unsophisticated food worker in a WG-02 position. An employee who does not know the proper channels through which to funnel complaints against poor management and is frustrated through what he perceives as agency inaction could conceivably, although incorrectly, decide that refusal to perform an assigned task is an appropriate method of getting the message across. To sustain the penalty of removal under these circumstances would not promote the interests of VA patients and the efficiency of the service. The severity of the penalty can only have a chilling effect on any protest by a low level employee to hospital conditions affecting veterans.
 
 
 7
 Given that Washington had seventeen years of service with consistently satisfactory or better performance ratings and with only one prior disciplinary action (a ten-day suspension for unauthorized leave), the penalty of removal for the insubordination charges is too severe under the special circumstances of this case. Washington's conduct was out of line but could not possibly benefit him. While the charges of insubordination are coupled with AWOL charges of a few hours, the agency does not maintain that those offenses would have resulted in removal. Accordingly, we remand for imposition of a lesser penalty up to suspension without pay for two years.
 
 COSTS AND ATTORNEY FEES
 
 8
 Washington is awarded costs. An application for attorney fees will be considered.